UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 18-20007 (RDD) |
| AC I NEPTUNE LLC, | Chapter 11 |
| Debtor. | Re: Docket No. 24 |

## OBJECTION OF NEPTUNE MORTGAGE HOLDINGS, LLC TO DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

Neptune Mortgage Holdings, LLC ("Neptune Mortgage"), through its undersigned counsel, hereby submits this Objection to AC I Neptune LLC's (the "Debtor") *Application for Authorization to Retain Counsel* (the "Retention Application") [Docket No. 24], and respectfully states as follows:

1.  The Court should deny the Debtor's application to retain as its counsel the law firm of Shafferman & Feldman LLP ("S&F") because said firm is not disinterested and represents an adverse interest. In addition, to the extent the Court determines it is appropriate to grant the Retention Application, it should not be *nunc pro tunc* to the August 9, 2018 alleged filing date (the "Petition Date"), but only effective as of October 2, 2018, the date the Retention Application was filed with the Court.

2.  While the Debtor allegedly filed its bankruptcy case on August 9, 2018, no papers seeking S&F's retention were filed with the Court until October 2, 2018. The only prior document filed by S&F in connection with its services in this bankruptcy case is a *Disclosure of Compensation of Attorney for the Debtor* filed on September 13, 2018 [Docket No. 20], that states that S&F received a retainer of $5,000 and anticipates receiving an additional retainer of $6,717. The *Disclosure of Compensation* states that the $5,000 retainer was not paid by the Debtor, but another party, and failed to disclose the other party as required by section 329(a) of the Bankruptcy Code, Bankruptcy Rule 2016(b), and the form itself. Upon inquiry by Neptune Mortgage's counsel, S&F

advised that the $5,000 retainer was paid "from personal funds of Ben Ringel." *See* email from Joel Shafferman of S&F dated September 14, 2018, copy of which is annexed hereto as Exhibit "A."

3. "To be retained by a debtor under section 327(a), the professional must be both disinterested and not hold or represent any interest adverse to the estate." *In re Borders Group, Inc.*, 456 B.R. 195, 202 (Bankr. S.D.N.Y. 2011)(citation omitted). *See also, In re Mercury*, 280 B.R. 35, 55 (Bankr. S.D.N.Y. 2002), *aff'd*, 122 Fed. Appx. 528 (2nd Cir. 2004).

4. In this case, S&F received a retainer of $5,000 directly from Mr. Benjamin Ringel, who asserted at the alleged Petition Date to be the Debtor's managing member through RK Neptune, and Mr. Ringel is a 25% equity holder of RK Neptune, the Debtor's sole member. In addition, S&F received an additional retainer of $6,177 post-petition (on September 14, 2018) from Ray Builders, Inc., an entity that allegedly owes money to Mr. Jacob Mermelstein or one of his business entities, another 25% equity owner of RK Neptune and a "co-manager" of the Debtor. Retention Certification at para. 7. Thus, S&F (i) has an adverse interest and (ii) is not disinterested under Bankruptcy Code section 101(14)(C).

5. The Second Circuit has found that a professional holds or represents an interest adverse to the estate where:

> (1) [it] possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2) [it] possess[es] a predisposition under circumstances that render such a bias against the estate.

*In re Arochem Corp.*, 176 F. 3d 610, 623 (2nd Cir. 1999). *See also, In re Ampal-American Israel Corp.*, 554 B.R. 604, 618 (S.D.N.Y. 2016), *aff'd*, 691 Fed. Appx. 12 (2nd Cir. 2016). The district court in the *Ampal-American Israel Corp.* stated that "an adverse interest includes any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and the Bankruptcy Rules." 554 B.R. at 610 (citations omitted).

6.  Mr. Ringel paid S&F its $5,000 retainer. Ray Builders, In., allegedly on behalf of Mr. Mermelstein or one of his entities, is the source of the additional $6,617 retainer paid post-petition. Mr. Mermelstein is the Debtor's "co-manager." Mr. Ringel asserts control over the Debtor evidenced by the original Chapter 11 petition. Accordingly, these relationships clearly color S&F's independence and impartiality thus rendering S&F ineligible to be retained by the Debtor. This is evidenced by the Debtor's opposition to Neptune Mortgage's Motion to Dismiss [Docket No. 25], where the Debtor (controlled by Ringel and Mermelstein) makes numerous unfounded allegations about Sander Gerber and Neptune Mortgage.

7.  As noted by the Court in *In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D.N.Y. 1999) (citations omitted), the disinterestedness requirement "is to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration."

8.  In *In re Metropolitan Environmental, Inc.*, 293 B.R. 871 (Bankr. N.D. Ohio 2003), the court stated:

> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel's serving two masters – the one who paid counsel and the one counsel is paid to represent.

*Id.* at 883 (citation omitted). As a result of the existence of a guaranty and the failure to disclose it, the *Metropolitan Environmental* court held the two attorneys for the debtor in possession were not entitled to be employed under section 327 and thus vacated the prior retention order and held no fees could be paid as administrative expenses after the guaranty was executed. *Id.* at 886.

9.  A number of courts have held that where the retainer paid to debtor's counsel was by the Debtor's officers, the attorneys cannot be retained. In *In re Park-Helena Corp.*, 63 F. 3d 877, 880-81 (9th Cir. 1995), the court held that full disclosure is an essential prerequisite for a

-3-

professional's retention and compensation. The Ninth Circuit affirmed the bankruptcy court's denial of the attorneys' "entire fee request" based on the nondisclosure of the "true source of the retainer," which was the president of the debtor (and not the debtor) and the firm's "connections" to the debtor's president. *Id.* at 880.

10.   Similarly, in *In re The Harris Agency, LLC*, 468 B.R. 702 (Bankr. E.D. Pa. 2010), the court held that disclosure of the source of debtor's counsel fees was required and the law firm had an actual conflict of interest because of, among other factors, a failure to disclose the source of the firm's fees. *Id.* at 707 and 710. Thus, the court disqualified the law firm. *Id.* at 711.

11.   In *In re Downs*, 103 F. 3d 472 (6th Cir. 1996), during a chapter 11 case, the bankruptcy court imposed sanctions against debtor's counsel for failing to disclose his fee arrangement as required, and denied sanctions for filing a motion to convert the case. On appeal, the Ninth Circuit held that the attorney violated the Bankruptcy Code by failing to timely disclose the source of his compensation and, as a result, the bankruptcy erred in allowing the attorney to retain any fees, and affirmed that sanctions were not warranted. *Id.* at 477. The court noted that in "cases involving an attorneys' failure to disclose his fee arrangement under §329 or Rule 2016, however, the courts have consistently denied all fees." *Id* at 478 (citations omitted).

12.   Last, in *Matter of Arlan's Department Stores, Inc.*, 615 F. 2d 925 (2d Cir. 1979), the Second Circuit affirmed a lower court decision denying two law firms compensation and requiring them to return fees previously paid as a result of their failure to disclose all connections and terms of their retention. While this case was decided under the Bankruptcy Act, its holding is instructive. These cases demonstrate that the Court would not retain S&F as Debtor's counsel if S&F had timely filed a retention application.

13.   Courts still cite to Judge Learned Hand's statement:

> The order and the rule were passed to control serious abuses and are to be strictly observed; without an order of court upon full presentation of the relation of the proposed attorney with all other

> interests involved, not only may he not be retained, but he can recover nothing, no matter how beneficial, or how arduous, his services.

*In re Eureka Upholstering Co., Inc.*, 48 F. 2d 95, 95 (2d Cir. 1931) (Hand, J.). While some of the above-cited cases involve the non-disclosure of relationships, here S&F did not make the proper and required disclosures in its *Disclosure of Compensation*, but only made them in its Retention Application belatedly filed on October 2, 2018. Accordingly, the Court should deny the Retention Application because S&F (i) has an adverse interest and (ii) is not disinterested as required under Bankruptcy Code section 101(14)(C).

14.  To the extent the Court is inclined to grant the Retention Application, given the lapse of time between the alleged Petition Date and October 2, 2018 (almost two months later), the Court should not authorize the retention of S&F *nunc pro tunc* to the alleged Petition Date. As the Second Circuit stated in *In re Keren Ltd. Partnership*, 189 F. 3d 86, 87 (2nd Cir. 1999), "*nunc pro tunc* approval should only be granted in narrow situations and requires that (i) if the application had been timely filed, the court would have authorized the appointment, and (ii) the delay in seeking court approval resulted from extraordinary circumstances."

15.  S&F is an experienced bankruptcy law firm and it knows (or should be deemed to know) about the requirements of Bankruptcy Rules 2014 and 2016 and sections 327 and 329 of the Bankruptcy Code requiring S&F to timely file retention papers fully disclosing all potential relationships to the Debtor and the source of its retainers. S&F's failure to properly complete its *Disclosure of Compensation* by checking the box "other" but not disclosing the source of its compensation was clearly an effort to hide that information from the Court, creditors and other parties-in-interest. S&F was solely responsible to timely file its Retention Application with the Court. Thus, S&F cannot demonstrate the extraordinary circumstances for the delay in its filing Retention Application as required by the Second Circuit in *Keren Ltd.*, 189 F.3d at 87. Accordingly, because S&F did not timely seek to be retained as Debtor's counsel, it should not be retained *nunc*

*pro tunc* to the Petition Date. If the Court determines retention is appropriate, S&F should only be retained effective as of October 2, 2018.

## CONCLUSION

For all the foregoing reasons, Neptune Mortgage respectfully requests that the Court Deny the Debtor's Retention Application.

Dated: October 4, 2018

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By: *Bruce Buechler*
    Bruce Buechler, Esq.
    Paul Kizel, Esq.
    One Lowenstein Drive
    Roseland, New Jersey 07068
    Telephone: (973) 597-2500
    Facsimile: (973) 597-2400

    -and-

    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 262-6700
    Facsimile: (212) 262-7402
    *Attorneys for Neptune Mortgage Holdings, LLC*

# EXHIBIT A

## Buechler, Bruce

| | |
|---|---|
| From: | Joel <joel@shafeldlaw.com> |
| Sent: | Friday, September 14, 2018 11:25 AM |
| To: | Buechler, Bruce |
| Subject: | RE: AC I Neptune LLC |

The $5000 was from personal funds of Ben Ringel.

From: Buechler, Bruce [mailto:bbuechler@lowenstein.com]
Sent: Thursday, September 13, 2018 2:58 PM
To: 'Joel'
Subject: RE: AC I Neptune LLC

Dear Mr Shafferman:

We have reviewed the Disclosure of Compensation of Attorney for Debtor [Docket No. 20] filed by your office earlier this afternoon. It states that your office has been paid $5,000 and is supposed to be paid an additional $6,717. The Disclosure of Compensation states that the source of the payment of the retainer was "other," but does not specify. The Disclosure of Compensation requires you to specify the source of both payments. Please promptly advise us of the source of the $5,000 paid to your firm and the source of the additional payment of $6,717 by no later than tomorrow. Thank you.


**Bruce Buechler**
Partner
Vice Chair, Bankruptcy, Financial Reorganization & Creditors'
Rights Department
Lowenstein Sandler LLP

T: 973.597.2308
M: 973.454.6200
F: 973.597.2309

  

---

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

1