| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Hearing Date and Time**<br>November 1, 2018 @10:00 am |
| In re: )<br>)<br>**AC I NEPTUNE LLC**, )<br>)<br>Debtor. )<br>) | Case No.: 18-20007 (RDD)<br><br>Chapter 11 |

**APPLICATION FOR AN ORDER EXTENDING
DEBTOR'S TIME TO REDEEM REAL PROPERTY
PURSUANT TO 11 U.S.C. SECTION 105
AND SECTION 108(b) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

AC I NEPTUNE LLC, the debtor and debtor in possession herein (the "Debtor"), by its proposed attorneys, Shafferman & Feldman LLP, 210 Roebling, LLC, as debtor and debtor-in-possession (the "Debtor"), upon information and belief respectfully moves the court as follows:

**PRELIMINARY STATEMENT**

1. The Debtor filed this Chapter 11 case in order to preserve the Debtor's sole asset, its interest in the real property known as and located at 3501 Route 66, Neptune, New Jersey (the "Property"). On October 3, 2018, the Debtor signed a purchase agreement with Pinellas Gateway, LLC, for the sale of the Property for $5,800,000, an amount that we believe will pay all creditors' allowed claims, in full, with a significant distribution to the equity holders. (Attached hereto as **Exhibit "A"** is a copy of the purchase agreement.) Within the next few days, the Debtor intends to file a motion seeking approval of the attached purchase agreement, and will also be filing a chapter 11 plan in connection with this contract. In order to assure that the Debtor has the opportunity to consummate this sale and successfully conclude this Chapter

1

11 case, the Debtor has filed this motion seeking an order extending its time to redeem its real Property under sections 105 and 108(b) of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2. Jurisdiction over the Motion is vested in the United States District Court for this District pursuant to Section 1334 of title 28 of the United States Code (the "Judicial Code"). This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Referral of Matters to the Bankruptcy Judges*.

3. Venue of this Motion in this district is proper pursuant to Section 1409 of the Judicial Code.

4. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. § 157(b)(1).

## BACKGROUND

5. The Debtor is a single member Delaware limited liability company which operates through RK Neptune, LLC, its sole member. The members of RK are: YKYM LLC[1] (25%); Ben Ringel (25%); Gerber Ventures, LLC (25%); and Tibor Klein (25%). The Debtor is engaged in the business of owning the real property known as and located at 3501 Route 66, Neptune, New Jersey (the "Property")[2].

6. The Debtor acquired the Property over 13 years ago from CNA Insurance Company. The Property has been vacant since the purchase except for a brief period during which it was leased to FEMA.

---

[1] Jacob Mermelstein, who signed the Amended Petition and all of the Schedules and Statement of Financial Affairs, is the managing member of YKYM LLC.

[2] The Property consists of approximately 50 acres. On the Property sits a vacant approximate 180,000 square foot office building.

7. After FEMA vacated, the Debtor obtained a secured $2,000,000 mortgage loan with First State Realty ("First State") at an 8% interest only rate (the "Mortgage"). At that time, Gerber Ventures LLC became a 25% member of the Debtor.

8. Neptune Mortgage Holdings, LLC ("Neptune Mortgage") thereafter purchased the mortgage and note from First State. It is important that this Court be aware that the principal of Neptune Mortgage is Sander Gerber who is also a managing member of Gerber Ventures, LLC, a 25% member of RK. In presiding over this case, this Court of Equity should be mindful of the fact that this case presents the unfortunate situation where an insider purchased a mortgage, and thereafter has sought to obtain the sole asset of the entity in which it holds an interest to the detriment of the other equity holders.

9. Gerber's entity, Neptune Mortgage, purchased the Mortgage for the sole purpose of his stealing his partner's equity. At the Beit Din arbitration to resolve corporate governance issues, the Rabbis asked Mr. Gerber if he purchased the Mortgage, and he responded "no"; when in fact Mr. Gerber had purchased the Mortgage. Furthermore, Mr. Gerber never made any capital calls to pay debt service and Ben Ringel and Jacob Mermelstein made all debt service payments.

10. The Debtor acknowledges that this case is a single asset real estate case ("SARE"), and so indicated in paragraph #7 of its Amended Petition. Being a SARE, the Debtor understands the dispatch with which the case must be administered.

11. Because the Property has been vacant for many years, as no income was generated, the Debtor was unable to make any payments on account of the Mortgage. First State commenced a foreclosure action and Mr. Ringel and Mr. Mermelstein entered into a forbearance agreement with First State upon the payment of $100,000 and the entry into a contract of sale

3

with National Field Network ("National Field") for its purchase of a portion of the Property for $2,000,000 in 2014. As set forth in the accompanying declaration of Jacob Mermelstein, dated October 4, 2018, Mr. Memelstein, to the best of his knowledge, believes that Mr. Gerber interfered with the Debtor's ability to consummate this sale. First State thereafter reinstated the Mortgage and the Debtor continued to make some payments.

12. Mr. Mermelstein and Mr. Ringel solely paid the debt service until Mr. Gerber purchased the note and Mortgage, at which point Mr. Ringel and Mr. Mermelstein stopped paying the debt service.

13. On March 9, 2018 the New Jersey State Court entered a Final Judgment of Foreclosure. Pursuant to the Final Judgment of Foreclosure, the Foreclosure Department set the sum of $3,508,631.31, including principal, interest and counsel fees, as the sale amount.

14. The Debtor did NOT make any appearances in the State Court Foreclosure Action as Debtor's co-managers, Mr. Mermelstein and Mr. Gerber, had meetings with Mr. Gerber, and Mr. Gerber said "find a buyer. I only bought the mortgage to help the partners." However, this was not true.

15. A Sheriff's sale was held by the Sheriff of Monmouth County on July 30, 2018. At the Sheriff's sale, Movant bid its mortgage. There were no other bidders at the Sheriff's sale.

16. Prior to the Sheriff's sale, Mr. Ringel's counsel, Alan Hammer, Esq., made a deal with Mr. Gerber's counsel, John Stolz, Esq., to avoid the foreclosure sale. However, it appears that Mr. Gerber did not live up to the deal.

17. Under New Jersey law, a borrower/owner has the greater under New Jersey law the right to redeem expires upon the greater of (i) ten days following the sheriff's sale; and (ii) the date on which an order confirming the sale is entered following objections to the sale, to

redeem; and/or (iii) the delivery of the sheriff's deed to the winning bidder.  See *Hardyston Nat. Bank v. Tartamella*, 56 N.J. 508, 315 (1970) ("we believe the just course is to permit the mortgagor to redeem within the ten-day period fixed by R. 4:65-5 for objections to the sale and until an order confirming the sale if objections are filed under the rule.")  Upon the delivery of the sheriff's deed to the winning bidder at a sheriff's sale (in this case, the foreclosing mortgagee), the owner's rights are cut off.  However, "during the ten days following a sheriff's sale, and without the need for court approval, *the mortgagor 'has an absolute right to redeem the property by tendering the full amount due on the mortgage.*'" *Brookshire Equities v. Montaquiza*, 346 N.J.Super. 310, 315 (App.Div.), certif. denied, 172 N.J. 179 (2002) (emphasis added) (quoting *Hardyston*, 56 N.J. at 513).

18. During ten (10) day period, the Debtor's New Jersey counsel had many discussions with Mr. Gerber's counsel which were all fruitless, as Mr. Gerber attempted to compensate only Mr. Ringel and not the Debtor.  Mr. Ringel did not respond to this proposal as it would be a breach of his fiduciary duties.

19. On August 9, 2018 (the "Filing Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in order to preserve the Debtor's right of redemption under New Jersey law.

## ARGUMENT

20. The Debtor believes that automatic stay provisions of section 362(a) are controlling in this case since the triggering events, described in paragraph 17, supra, (ii) the date on which an order confirming the sale is entered following objections to the sale, and/or (iii) the delivery of the sheriff's deed to the winning bidder had not occurred prior the Filing Date. Since the express act of delivering the sheriff's deed to the winning bidder has not yet occurred, the

5

automatic stay provisions of section 362(a) of the Bankruptcy Code are applicable to this case, and therefore, section 108(b) of the Bankruptcy Code is not applicable. However, in the event that this Court determines that section 362 is inapplicable to this case, the Debtor's right of redemption is extended for a period of sixty (60) days under Section 108(b) of the Bankruptcy Code. See, *Canney v. Merchants Bank (In re Canney)*, 284 F.3d 362, 372-73 (2d Cir. 2002)(holding that § 108(b) governs the tolling of a period of redemption); See also, *In re 652 W. 160th L.L.C.*, 330 B.R. 455, 465 (Bankr. S.D.N.Y. 2005).

21. In this case, under section 108(b) of the Bankruptcy Code, the Debtor's right to redeem the Property is extended up to and including, at minimum, October 9, 2018[3]. <u>See,</u> *In Re* 652 *West 160th LLC,* 330 B.R. at 464 (citations omitted). The Court in *In Re* 652 *West 160th LLC* acknowledged that the Bankruptcy Court has the power under section 105(a) of the Bankruptcy Code to extend the 60 day redemption period conferred by Section 108 (b) of the Bankruptcy Code. *Id.* at 464- 465. *See also, In Re Canney,* 284 F.3rd 362 (2d. Cir. 2002); *Bank of Commonwealth v. Devall,* 13 B.R. 989 *(B.D.* Mich. 1981).

22. Therefore, by this motion, the Debtor is seeking the entry of an order extending its time to redeem the Property under section l08 (b) of the Bankruptcy Code. As set forth in the above cases, this Court has the equitable power under section 105(a) to extend the Debtor's time to redeem the Property in appropriate circumstances.

23. The Debtor submits that such circumstances exist in this case: (a) the Debtor has entered into a contract of sale of the Property for an amount that will pay all creditors' allowed claims, in full, with a significant distribution to the equity holders; and (b) Mr. Gerber, as a

---

[3] The 60th day of this case falls on Monday, October 8, 2018, which is a legal holiday. Therefore under Rule 9006(a)(1)(C) of the Federal Rules of Bankruptcy Procedure, the earliest that the redemption period would expire is at 11:59 pm on October 9, 2018.

member of the Debtor, can arguably have purchased the mortgage as a nominee of the Debtor, Within the next several days, the Debtor intends to file a motion seeking approval of this contract pursuant to section 363 of the Bankruptcy Code.

24. Recognizing that this case is a SARE, in conjunction with the its sale motion, next week the Debtor intends to file a reorganization plan, the means of implementation will be the sale of the Property, which will provide for payments in full to all Allowed Claims, with a significant return to equity[4]. It should give this Court great pause if Neptune Mortgage, an entity controlled by insider Mr. Gerber, would balk at this opportunity and oppose this motion. In fact, any opposition filed to this motion filed by Neptune would be an action in contravention of the fiduciary duties owed by the Neptune's principal, Mr. Gerber, to the Debtor[5].

**WHEREFORE**, the Debtor respectfully requests entry of an order extending its time to redeem its Property under sections 105 and 108(b) of the Bankruptcy Code all for which no previous application has been made, and granting it such other and different relief as seems just, proper and equitable.

**DATED:** New York, New York
October 5, 2018

**Shafferman & Feldman LLP**
Proposed Attorneys for Debtor
137 Fifth Avenue, 9th floor
New York, New York 10010
(212) 509-1802

By: __/S/ Joel M. Shafferman___
Joel M. Shafferman

---

[4] Even if this Court were to adopt the "extraordinary circumstances test described in *In re 210 Roebling, LLC*, 336 B.R. 172 (Bankr. E.D.N.Y. 2005), the Debtor submits that such circumstances are present in this case where an insider of the Debtor goes behind the back of his partners to buy the mortgage and then commence a foreclosure action in an effort to wipe any equity that the other partners have in the property.

[5] Mr. Gerber has created various trusts that own the Mortgage over which he has de facto control.