**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Case No. 18-20007 (RDD) |
| AC I NEPTUNE LLC, | Chapter 11 |
| Debtor. | |

**MOTION FOR ENTRY OF AN ORDER (I) IN AID OF THE COURT'S ORDER FILED ON JULY 17, 2019, (II) FOR A DETERMINATION THAT THE SHERIFF OF MONMOUTH COUNTY HAS NO CLAIM FOR A COMMISSION, AND (III) FOR ATTORNEYS' FEES AND COSTS**

Neptune Mortgage Holdings, LLC ("Neptune Mortgage), by its undersigned counsel, submits this *Motion for Entry of an Order (I) in Aid of the Court's Order Filed on July 17, 2019, (II) for a Determination that the Sheriff of Monmouth County Has No Claim for a Commission, and (III) for Attorneys' Fees and Costs* (the "Motion"), and respectfully states:

**JURISDICTION**

1. On August 9, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b).[1]

3. The statutory predicates for the relief sought herein are sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), and 28 U.S.C. Section 1927.

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 7008, Neptune Mortgage consents to the Court's entry of a final order in connection with the Motion.

# BACKGROUND

**A.      General Background**

4.      The Debtor's sole asset was real property located at 3501 Route 66, Neptune, New Jersey on which sits a dilapidated building (the "Real Property"). The Debtor had no employees, no business operations, no cash flow or income and *de minimis* cash in a bank account. Transcript of deposition of Jacob Mermelstein taken on October 5, 2018 at 138:8-139:25.[2]

5.      On its Chapter 11 petition, the Debtor declared it is a single asset real estate debtor.

6.      The Debtor is a single member Delaware limited liability corporation. Thus, the Debtor only operates through its sole member, RK Neptune, LLC ("RK Neptune").

7.      RK Neptune is a Delaware limited liability company. Pursuant to the RK Neptune Operating Agreement, as amended by a Co-Manager Agreement dated June 24, 2015 ("RK Neptune Operating Agreement"). RK Neptune has four members who each own a 25% interest in RK Neptune. The four members are Benjamin Ringel ("Ringel"), YKYM, LLC (an entity controlled by Jacob Mermelstein), Gerber Ventures, LLC (an entity controlled by Sander Gerber), and Tibor Klein ("Klein").

8.      On December 12, 2011, the Debtor obtained a $2 million mortgage loan (the "Loan") from First State Realty ("First State," Neptune Mortgage's predecessor). The Loan was secured by a Mortgage and Security Agreement dated December 12, 2011 (the "Mortgage"), on the Real Property. As additional security for the Loan, the individual members of RK Neptune each executed personal guaranties guaranteeing the obligations of the Debtor under the Note.

---

[2]      The relevant pages of Jacob Mermelstein's deposition are attached as <u>Exhibit A</u>.

9. When the Debtor defaulted, Gerber immediately paid First State $500,000—the maximum liability under Gerber's Guaranty. None of the other members of RK Neptune (Ringel, Mermelstein or Klein) tendered any payment on account their guarantees to First State and the underlying obligation of the Debtor remained in default. First State then commenced a foreclosure action. The Debtor's secured debt to First State was reduced by $500,000 at that time by virtue of Gerber's payment on account of his Guaranty, which benefited the Debtor by reducing the amount due under the Note and Mortgage.

10. In early 2015, First State and the Debtor entered into a settlement and modification of the Mortgage and Loan documents which resulted in the dismissal of First State's foreclosure action.

11. After subsequent defaults by the Debtor under the Mortgage and Loan, Neptune Mortgage[3] purchased the Mortgage and related Loan documents from First State on October 9, 2015. Neptune Mortgage subsequently released Ringel, Mermelstein and Klein from their obligations on their guarantees of the Loan.

12. Thereafter, the Debtor failed to make payments on account of the Loan and Mortgage in favor of Neptune Mortgage. As a result, Neptune Mortgage commenced a foreclosure action in the Superior Court of New Jersey, Chancery Division, Monmouth County (the "NJ Foreclosure Action"), on May 26, 2017.

13. A Final Judgment of Foreclosure was entered in the NJ Foreclosure Action on March 9, 2018 in the amount of $3,501,131.31 through January 31, 2018, together with lawful interest thereon from and after such date, and costs to be taxed, including lawful counsel fees, for

---

[3] Gerber is solely the manager of Neptune Mortgage. He is not a member of, or equity holder of, Neptune Mortgage.

a total of $3,508,631.31 plus accruing interest and other charges. A Writ of Execution was also issued in the NJ Foreclosure Action to the Sheriff on the same date.

14. A Sheriff's Sale was originally scheduled for the Real Property for June 4, 2018.

15. The Debtor exercised its statutory right to adjourn the Sheriff's Sale two (2) times; i.e., from June 4, 2018 to June 18, 2018, and then again from June 18, 2018 to July 2, 2018.

16. In response to the Debtor's requests, Neptune Mortgage subsequently agreed to further adjourn the foregoing Sheriff's Sale two (2) additional times; i.e., from July 2, 2018 to July 16, 2018, and then again from July 16, 2018 to July 30, 2018.

17. The Sheriff's sale was held on July 30, 2018. Neptune Mortgage was the sole bidder. On the tenth day of the Debtor's right of redemption under New Jersey State law, the Debtor filed its bankruptcy petition. As a result, the Sheriff never issued a deed to the Real Property to transfer title to Neptune Mortgage in the NJ Foreclosure Action. The bankruptcy filing stayed the NJ Foreclosure Action under Section 362(a) of the Bankruptcy Code.

**B.** **Sale of the Real Property**

18. Post-petition, on October 11, 2018, the Debtor filed a Motion in the Bankruptcy Court to sell the Real Property [Docket No. 37]. The sale of the Real Property was approved by an order entered by the Bankruptcy Court on November 30, 2018 (the "Sale Order") [Docket No. 58], for the purchase price of $5,750,000. The sale of the Real Property closed on April 29, 2019. The purchaser, Pinellas Gateway, LLC, was unrelated to Neptune Mortgage.

19. As a result of the sale price, Neptune Mortgage was an oversecured secured creditor entitled to post-petition interest, attorneys' fees, costs and other charges under Section 506(b) of the Bankruptcy Code and the underlying Mortgage and Note. Pursuant to prior Orders of the Bankruptcy Court, Neptune Mortgage's secured claim has been indefeasibly paid in full all principal, interest, costs and legal fees in an amount fixed by the Court. Neptune Mortgage

has released its mortgage on the Real Property in connection with the sale, with its lien to attach to the sale proceeds pursuant to the Sale Order.

**C.      The Motion to Dismiss**

20.     One June 4, 2019, the Debtor filed a *Motion for an Order Pursuant to Bankruptcy Code Sections 105(a) and 1112(b) Seeking Entry of an Order Dismissing Chapter 11 Case* [Docket No. 106] (the "Motion to Dismiss").  A hearing on the Motion to Dismiss was scheduled for June 26, 2019.

21.     Already pending on the Court's calendar was a motion filed by Neptune Mortgage and Sander Gerber for entry of an *Order (i) Allowing and Directing the Debtor's Payment of the Sander Gerber Claim, and (ii) Compelling the Debtor to Pay Neptune Mortgage Holdings, LLC's Fees and Costs Incurred in the Chapter 11 Case* [Docket No. 92] (the "Motion to Compel Payment").  The Motion to Compel Payment was also adjourned and scheduled for a hearing before the Court on June 26, 2019.

22.     After the Motion to Compel Payment was filed, the Sheriff sent Neptune Mortgage's counsel an email inquiring as to the status of the matter and, upon being advised that the Real Property had been sold pursuant to the Bankruptcy Court's Sale Order, demanded payment of a commission in connection with the NJ Foreclosure Action by email dated May 6, 2019.  In response, counsel for Neptune Mortgage advised the Sheriff that it would advise the Court of the Sheriff's position.  Copies of these emails are attached as Exhibit B.

23.     Thereafter, Neptune Mortgage filed a Supplement to the Motion to Compel Payment on May 14, 2019 [Docket No. 100], which Supplement was served both on the Sheriff and the Sheriff's counsel.  *See*, *Certification of Service* filed on May 14, 2019 [Docket No. 101].

24.     In the Supplement, Neptune Mortgage explained why the Sheriff was not entitled to any commission in connection with the NJ Foreclosure Action.  Any commission due the

Sheriff is based on N.J.S.A. 22A:4-8, which requires the fee be paid from proceeds of the sale of the Real Property. Under this statute, the Sheriff could only be entitled to a commission if (i) the Sheriff sold the Real Property, which it did not, or (ii) the execution was settled, which it was not for the reasons set forth by Neptune Mortgage in the Supplement.

25. The Sheriff received actual knowledge that the Debtor filed for bankruptcy on August 10, 2018, the day after the Petition Date. *See* email from Deborah Mikkelson of the Sheriff's Office dated January 8, 2019, to an attorney at Lowenstein Sandler, counsel for Neptune Mortgage, in which she acknowledge "[o]n 8/18/18 received BK papers on the 10th day of redemption…." A copy of this email is attached as Exhibit C.

**D.    The June 26, 2019 Hearing**

26. At the June 26, 2019 hearing on both the Debtor's Motion to Dismiss and Neptune Mortgage's Motion to Compel Payment, no one appeared on behalf of the Sheriff. The Motion to Dismiss sought a structured dismissal of the bankruptcy case including a distribution to creditors and equity holders of the remaining cash from the sale of the Real Property. Counsel for Neptune Mortgage explained to the Court why the Supplement was filed. *See,* transcript of the June 26, 2019 hearing, pages 32:5 – 38:7, a copy of which pages are attached as Exhibit D. As the transcript makes clear, the Court directed that when the proposed order is submitted, copies should be served on counsel for the Sheriff. The Court made a determination that the Sheriff would not be receiving payment of any commission in connection with the NJ Foreclosure Action in the Dismissal Order at page 2 and on Schedule A.

27. In accordance with the Court's directive, by email dated July 10, 2019, a proposed revised form of order was submitted to the Court in connection with the Motion to Dismiss and on the Motion to Compel Payment that was emailed to counsel for the Sheriff.

28. In response, Michael Fitzgerald, Esq., Monmouth County Counsel, sent the Court an email on July 10, 2019 at 4:37 p.m. acknowledging receipt of the email with the proposed form of order and asserting that the Sheriff should be awarded a commission of $70,984 for the NJ Foreclosure Action and that the proposed order should provide for payment of the commission. Mr. Fitzgerald's email alternatively requested an adjournment of the Motion to Dismiss and the Motion to Compel Payment if the Court would not approve of a distribution for the Sheriff's commission. Neptune Mortgage's counsel sent the Court a response to the Sheriff's email on July 10, 2019 at 5:37 p.m. A copy of these emails are attached as <u>Exhibit E</u>. The Bankruptcy Court entered the *Order (I) Granting Debtor's Motion To Dismiss Bankruptcy Case, (II) Allowing and Directing Payment of Remainder of Claim of Neptune Mortgage Holdings, LLC, (III) Partial Resolution of the Debtor's Objection to the Claim of Sander Gerber, and (IV) Granting Related Relief* on July 17, 2019 (the "Dismissal Order")[Docket No. 131], which Order found that the Sheriff was properly noticed of the June 26 hearing, did not respond, was not allowed a distribution for a commission, and denied the adjournment request.

29. By email dated July 23, 2019, counsel for Neptune Mortgage emailed Mr. Fitzgerald, the Monmouth County Counsel, a copy of the Dismissal Order. In response, Mr. Fitzgerald sent Neptune Mortgage's counsel an email on July 23, 2019, stating "Receipt of the court's order is acknowledged. The matter is being referred to outside counsel for handling and collection of the statutory fee."

30. In response, counsel for Neptune Mortgage sent Mr. Fitzgerald an email stating "We can only recommend your client obey the Bankruptcy Court's Order, which determined the Sheriff of Monmouth County is not entitled to any distribution or money. Please be guided accordingly." A copy of this email exchange is attached as <u>Exhibit F</u>. Neptune Mortgage's counsel received no reply to its last email to Mr. Fitzgerald.

31. The Dismissal Order is now a final and non-appealable order. At no time did the Sheriff seek reconsideration of or appeal the Dismissal Order.

E. **The Sheriff's State Court Complaint**

32. On October 14, 2019, the Sheriff commenced a lawsuit against Neptune Mortgage in the Superior Court of the New Jersey Monmouth County, Law Division, Docket No. MON-L-3647-19 (the "State Court Collection Action"), a copy of which complaint is attached as Exhibit G (without the exhibits). In the State Court Collection Action, the Sheriff seeks to collect from Neptune Mortgage, not the Real Property, a commission for the NJ Foreclosure Action in the amount of $70,072.62 plus interest, reasonable attorneys' fees and costs, consequential and incidental damages and whatever other relief the N.J. Superior Court determines is just and equitable. The State Court Collection Action contains five counts seeking declaratory relief, statutory relief under N.J.S.A. 22A:4-8, unjust enrichment, quantum meruit, and breach of contract. The Bankruptcy Court should note that no contract was ever entered into between the Sheriff and Neptune Mortgage.

**RELIEF REQUESTED**

33. By this Motion, Neptune Mortgage seeks the entry of an Order, substantially in the form submitted herewith, (i) in aid of the Dismissal Order that determined that the Sheriff had no entitlement to payment for a commission be given preclusive effect; (ii) for an Order directing that the Sheriff dismiss the State Court Collection Action with prejudice within ten (10) calendar days of the entry of an Order granting the relief sought by this Motion; and (iii) granting Neptune Mortgage reasonable attorneys' fees and costs incurred in preparing, filing and prosecuting this Motion as a result of the Sheriff's violation of 28 U.S.C. Section 1927, §105(a) of the Bankruptcy Code and/or the Court's inherent power for violation of the Dismissal Order which determined that the Sheriff had no claim for a commission against the Sheriff and/or his

counsel, the law firm of O'Donnell McCord, P.C., either individually, jointly or jointly and severally.

## ARGUMENT

**A.   The Dismissal Order is Entitled to Preclusive Effect Based on Res Judicata or Claim Preclusion**

34.   The Dismissal Order on page 2 and on Schedule A directly determined on the merits that the Sheriff was not entitled to a commission in connection with the NJ Foreclosure Action. The Dismissal Order is entitled to res judicata, collateral estoppel, issue preclusion, and/or claim preclusion effect.

35.   Because the Dismissal Order was entered by the Bankruptcy Court, federal law is applied in determining the preclusive effect of that order. *See, Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

36.   In *Marvel Characters*, the Second Circuit stated:

> Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. It is clear that a dismissal, with prejudice, arising out of the settlement agreement operates as a final judgment for res judicata purposes…. Likewise, res judicata does not bar subsequent litigation when the court in that prior action could not have awarded the relief requested in the new action.

*Id.* at 286-87 (citations omitted). Res judicata applies regardless of whether the two matters are based on the same cause of action. *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003).

37.   In *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 358 (9th Cir. 1998) (citations omitted), the court stated "the allowance or disallowance of a 'claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'" (citation omitted).

38. Res judicata, or claim preclusion, apply here. The Bankruptcy Court could have awarded the relief requested by the Sheriff in the State Court Collection Action, which seeks to recover a commission for the sale of the Real Property in the NJ Foreclosure Action. That is the position the Sheriff took in the Bankruptcy Court in opposing the entry of the Dismissal Order. This is the identical issue Neptune Mortgage put before the Court in its Supplement to its Motion to Compel Payment, whether the Sheriff was entitled to a commission, so that Neptune Mortgage could have that amount added to its secured claim as part of its expenses. The Sheriff had a full and fair opportunity to litigate this issue at that time, but for whatever reason, opted not to. At this point in time, Neptune Mortgage has released its mortgage on the Real Property and has been indefeasibly paid in full its principal, interest, plus attorneys' fees and costs and reimbursement of expenses, but nothing on account of a Sheriff's commission. Had the Sheriff acted timely in connection with Neptune Mortgage's Motion to Compel Payment or in connection with the Dismissal Order, there was a surplus of funds from the sale of the Real Property above the allowed secured claim of Neptune Mortgage to pay a commission, if allowed, but those funds may no longer be available. The Sheriff, by the State Court Collection Action, seeks to prejudice Neptune Mortgage by forcing it to pay a commission when such relief has already been adjudicated and denied by the Dismissal Order. Accordingly, the Dismissal Order must be given preclusive effect under res judicata, or claim preclusion, because the Bankruptcy Court determined the actual issue in dispute, the Sheriff was not entitled to a commission, and the State Court Collection Action must be dismissed with prejudice

39. By analogy, the Second Circuit Court of Appeals in *EDP Medical Computer Systems, Inc. v. United States*, 480 F.3d 621 (2d Cir. 2007), dealt with the res judicata final or preclusive effect on a bankruptcy court order allowing an uncontested proof of claim. In *EDP Medical*, the debtor commenced an action against the Internal Revenue Service ("IRS") seeking

a tax refund. Previously, the IRS filed a proof of claim with the bankruptcy court to which neither the trustee nor the debtor objected to, including an amended claim. The bankruptcy court thereafter issued an order allowing the amended IRS claim. *Id*. at 624. The Court of Appeals held that res judicata or claim preclusion "bars later litigation if [an] earlier decision was (l) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id*. (citations omitted). The *EDP Medical* Court found "[t]his rule applies with full force to matters decided by the bankruptcy courts." *Id*. The Second Circuit most tellingly noted that res judicata is a fundamental rule because it "relieves parties of cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." *Id*. (citation omitted). The Court of Appeals held that the bankruptcy court's allowance of the IRS's uncontested amended proof of claim was a final judgment for res judicata purposes and while the IRS's proof of claim was not litigated, res judicata does not require the claim or matter to be litigated, its concern "is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *Id*. at 626 (citations omitted). *See also, In re Aegis Realty Corp.*, 301 B.R. 116, 119 (Bankr. S.D.N.Y. 2003) (Drain, J.) ("upon a final judgment on the merits, the parties to a suit are barred as to every matter that was offered and received to sustain or defeat a cause of action, as well as to any other matter that the parties had a full and fair opportunity to offer for that purpose.") (citation omitted).

40. Applying this rule to our case, it is clear that the Dismissal Order must be given preclusive effect. The Dismissal Order's determination that the Sheriff is not entitled to a commission is a final judgment on the merits, entered by a Court of competent jurisdiction, and involves the same parties, namely Neptune Mortgage and the Sheriff, and involves the same cause of action or issue, the Sheriff's alleged entitlement to a commission for its supposed efforts

in the NJ Foreclosure Action. Thus, res judicata or claim preclusion apply and mandate that the Court should enter an Order directing the Sheriff to dismiss the State Court Collection Action with prejudice.

B. **The Dismissal Order is Entitled to Preclusive Effect Based on Collateral Estoppel or Issue Preclusion**

41. Alternatively, collateral estoppel or issue preclusion apply and bar the Sheriff from prosecuting the State Court Collection Action. "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters,* 380 F.3d at 288. *See also, Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir. 1998). The Second Circuit, both in *Marvel Characters* and *Boguslavsky*, held that collateral estoppel applies when:

> (1) the identical issue was raised in the previous proceeding;
>
> (2) the issue was actually litigated and decided in the previous proceeding;
>
> (3) the party had a full and fair opportunity to litigate the issue; and
>
> (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

*Marvel Characters,* 310 F.3d at 288-289 (citation omitted); *Boguslavsky*, 159 F.3d at 720 (citations omitted).

42. In applying the standard for collateral estoppel, or issue preclusion, to this matter, it is clear that the issue of whether the Sheriff was or was not owed a commission in the NJ Foreclosure Action was previously raised in these bankruptcy proceedings; this issue was actually decided by the Bankruptcy Court in the entry of the Dismissal Order, the Sheriff had a full and fair opportunity to litigate its alleged entitlement to a commission, and a resolution of that issue was necessary to support the entry of the Dismissal Order which resolved what claims the Debtor and its estate were obligated to pay in connection with the structured dismissal, with

full knowledge that all of the funds available for distribution were solely as a result of the sale of the Real Property.

43. The Dismissal Order at page 1 specifically states "there being due and sufficient notice of each of the foregoing motions and hearing thereon, including on the Sheriff of the County of Monmouth, N.J…." The Dismissal Order on page 2 sets forth at length the basis of the Court's decision on the merits: "in light of the failure of the Sheriff of Monmouth County (a) to object to any of the motions after due and sufficient notice thereof or to appear at the June 26, 2019 hearing, and (b) to explain what role he played in the foreclosure proceedings and the sale of the Real Property (defined below), each of which distinguishes this matter from *Dubin v. Golden (In re Smith)*, copy of which is attached to Mr. Fitzgerald's email."

44. The application of collateral estoppel or issue preclusion is required in this case. Collateral estoppel, or issue preclusion, prevents and precludes the Sheriff from being permitted to prosecute the State Court Collection Action against Neptune Mortgage. Therefore, the Court should grant Neptune Mortgage's Motion and direct the Sheriff to immediately dismiss the State Court Collection Action with prejudice.

C. **Neptune Mortgage is Entitled to Recover Reasonable Attorneys' Fees and Costs**

45. As noted above, the State Court Collection Action commenced by the Sheriff against Neptune Mortgage as an improper collateral attack on the Dismissal Order which determined that the Sheriff was not entitled to a commission in connection with the NJ Foreclosure Action. Neptune Mortgage demanded that the Sheriff withdraw its complaint filed in the State Court Collection Action by letter to counsel for the Sheriff dated October 24, 2019, which letter was sent in accordance with New Jersey Court Rule 1:4-8, copy of which letter is attached as <u>Exhibit H</u>. The Sheriff and its counsel have not withdrawn the Complaint. Neptune Mortgage is entitled to reasonable attorneys' fees and costs incurred with the preparation, filing

and prosecution of this Motion under 28 U.S.C. §1927, §105(a) of the Bankruptcy Code, and/or the Court's inherent power to sanction parties, against the Sheriff and its counsel, the law firm of O'Donnell McCord, P.C., either individually, jointly or jointly and severally.

46. 28 U.S.C. §1927 provides in relevant part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

47. There is no question that the bankruptcy court has the power to impose sanctions under 28 U.S.C. §1927 if it finds that an "attorney's action are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re Cohoes Indus. Terminal, Inc.* 931 F.2d 222, 230 (2d Cir. 1991). *See also, 60 East 80th St. Equities, Inc. v. Sapir* (*In re 60 East 80th Street Equities, Inc.*), 218 F.3d 109, 116 (2d Cir. 2000) (affirming the decisions of both the district and the bankruptcy court imposing sanctions under §1927 to counsel for the debtor in a Chapter 7 case, holding that "bad faith may be inferred where the action is completely without merit.") (citation omitted); *In re St. Vincent's Catholic Med. Centers of New York*, 2014 WL 3545581 (S.D.N.Y. July 16, 2014) (the district court affirming the bankruptcy court's decision to issue sanctions against the creditor's attorney for commencing and prosecuting an action in state court after the underlying claim had been discharged and released pursuant to a Chapter 11 plan, except modifying the reward to reduce it by $400, under 28 U.S.C. §1927).

48. The Sheriff's claim for a commission for its services in the NJ Foreclosure Action was directly raised in the Bankruptcy Court. Neptune Mortgage, in the Supplement filed in connection with its Motion to Compel Payment of Neptune Mortgage's fees and costs incurred

as a secured lender, clearly put before the Court the issue of whether the Sheriff was entitled to a commission for conducting the foreclosure option. The Sheriff and its counsel were served with the Supplement and provided with actual notice of the June 26, 2019 Court hearing date. Despite actual notice, the Sheriff failed to appear at the June 26th hearing and subsequently sent an email to the Court opposing the entry of the Dismissal Order and requesting payment of a commission. After the Dismissal Order was entered, a copy of said Order was actually served on the Sheriff's counsel, who acknowledged receipt. The Sheriff never sought reconsideration from or appealed the Dismissal Order. For the reasons set forth above, the Dismissal Order should be given preclusive effect as a determination on the merits that the Sheriff has no entitlement to a commission. Therefore, the State Court Collection Action is frivolous and without any merit. As noted by the Second Circuit, res judicata is a fundamental rule to avoid, among other things, "vexation of multiple lawsuits." *EDP Medical*, 480 F.3d at 624. Thus, Neptune Mortgage is entitled to sanctions under 28 U.S.C. §1927, §105(a) of the Bankruptcy Code or the Court's exercise of its power to assess Neptune Mortgage's attorneys' fees and costs against the Sheriff, its counsel, either individually, jointly or jointly and severally.

49. Neptune Mortgage proposes that if the Court determines it is entitled to recover reasonable attorneys' and fees and costs, that Neptune Mortgage would file with the Court a declaration or certification setting forth the amount of attorneys' fees and costs it incurred in connection with preparing, filing and prosecuting this Motion within ten (10) calendar days of the entry of an Order granting the motion and serve a copy on counsel for the Sheriff, and that thereafter the Sheriff would have seven (7) calendar days to respond, whereupon the Court would enter a separate order fixing the amount of attorneys' fees and costs to be assessed against counsel for the Sheriff and/or for the Sheriff for its violation of the Dismissal Order under the 28 U.S.C. §1927, §105(a) of the Bankruptcy Code, and/or the Court's inherent powers.

50. In addition, the Court should note that in the Complaint filed by the Sheriff in the State Court Collection Action, in paragraphs 17 through 22, the Sheriff only acknowledged the procedural history of the Debtor's bankruptcy case to note the bankruptcy filing, the entry of the Sale Order, the closing on the sale and the amount received, but failed to advise the State Court of the Dismissal Order which determined the Sheriff was not entitled to a commission. The Sheriff's simply attaching a copy of the Dismissal Order as an exhibit to the Complaint fails to acknowledge the preclusive impact of a Dismissal Order. For all the foregoing reasons, sanctions should be granted.

51. Under New Jersey foreclosure practice, the Sheriff's commission and any fees are deducted from the proceeds of the sheriff's sale. *See, e.g., Howard Savings Bank v. Sutton*, 246 N.J. Super 482, 485 (Ch. Monmouth County 1990). The Monmouth County Sheriff publishes a Foreclosures Conditions of Sale on its website, a copy of which is attached as <u>Exhibit I</u>. Paragraph 5 states "Sheriff's fees and commissions will be deducted from the bid price." The Sheriff seeks payment directly from Neptune Mortgage in the State Court Collection Action. Had the Sheriff been diligent during the bankruptcy case, the surplus funds could have paid a commission if it proved its entitlement to one, which the Sheriff failed to do. At this time, the "surplus" no longer exists. Thus, Neptune Mortgage will be prejudiced by the relief sought by the Sheriff, demonstrating that the Sheriff is not acting in an equitable manner.

**WHEREFORE**, Neptune Mortgage respectfully requests the Court grant the Motion and enter the proposed form of order submitted herewith, and such other further relief as is just and equitable.

Dated: November 5, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By: */s/ Bruce Buechler*
Bruce Buechler
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Attorneys for Neptune Mortgage Holdings, LLC*