UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

AC I NEPTUNE, LLC,

          Debtor.

Chapter 11
Case No. 18-20007 (RDD)
Hearing Date: January 6, 2019

**SHAUN GOLDEN, SHERIFF OF MONMOUTH COUNTY, OBJECTION TO MOTION
FILED BY NEPTUNE MORTGAGE HOLDINGS, LLC**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES     ii

PRELIMINARY STATEMENT     1

RELEVANT FACTS AND PROCEDURAL HISTORY     3

STANDARD OF REVIEW     3

LEGAL ARGUMENT     5

POINT I     5

NEPTUNE MORTGAGE ERRONEOUSLY REPRESENTS THE CONTENTS OF THE COURT'S JULY 17, 2019 ORDER TO SUGGEST THAT THE SHERIFF IS ABSOLOUTELY BARRED FROM COLLECTING ITS STATUTORY COMMISSION

POINT II     6

THE BANKRUPTCY COURT LACKED SUBJECT MATTER JURDISCITION UNDER 28 U.S.C. § 1334 OR 11 U.S.C. §157 TO ADJUDICATE THE ISSUE CONCERNING THE SHERIFF'S REQUEST FOR ITS STATUTORY COMMISSION

    A. The Sheriff's claim against Neptune Mortgage did not "arise under" the Bankruptcy Code.     7

    B. The Sheriff's claim against Neptune Mortgage did not "arise in" the Chapter 11 case commenced by the Debtor.     7

    C. The Sheriff's claim against Neptune Mortgage is not "related to" the administration of the bankruptcy estate.     8

    D. The Order of Dismissal dated July 17, 2019 is not enforceable as it relates to the issue of the Sheriff's commission

**POINT III**                                                  **8**

**THE SHERIFF'S COMMISSION IS ADDED TO THE
BANK'S SECURED CLAIM IN THE CHAPTER 7
PROCEEDING**

**CONCLUSION**                                                  **10**

## TABLE OF AUTHORITIES

**Cases**

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)........................18
BTD-1996 NPC 1, LLC v. 350 Warren, LP, 170 N.J. 90 (2001). ............................... 10, 15, 18
F.D. Rich. Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116 (1974)...............18
FDIC v. Conner, 20 F.3d (5th Cir. 1994)...................................................................19
Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714.................................18
Gupta v. Quincy Med. Ctr., 858 F.3d. 657 (1st Cir. 2017)................................... 7, 8, 11
Illinois ex rel. Hartigan v. Peters, 871 F.2d 1336, 1340 (7th Cir.1989)............................12
In re Bejjani, 2003 Bankr. LEXIS 2150 (Bankr. D.N.J. September 2, 2003).......................17
In re Collier, 307 B.R. 20 (Bankr. D. Mass. 2004).......................................................11
In re Dominguez, 2006 WL 4452976 (Bankr. D.N.J. 2006)...........................................14
In re Loehwing, 320 B.R. 281 (Bankr. D.N.J. 2005)....................................................10
In re Loehwing, 320 B.R. 287 (Bankr. D.N.J. 2005)................................................ 10,18
In re Middlesex Power Equip. & Marine, Inc., 292 F.3d ............................................. 8
In re O'Shaughnessy, 252 B.R. 722 ((Bankr. N.D. Ill. 2000)..........................................12
In re Resorts Int'l, Inc., 372 F.3d 154 (3d Cir. 2004)................................................... 9
In re Smith, 599 B.R. 266 (Bank. D.N.J. 2019.......................................................15
Jacoby v. Eseo, 329 N.J. Super. 119 (App. Div. 2000) ...................................... 10, 16, 18
Loehwing, 320 B.R. 286..................................................................................16
Loehwing v. Washington Mutual Bank, F.A., and William L. Polhemus, 320 B.R. 281
(Bankr. D.N.J. 2005).......................................................................................14
Midlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494
(1986))......................................................................................................16
Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)) .......................... 11-12
New Jersey Tpk. Auth. V. Parsons, 3 N.J. 235 (1949) ................................................. 10
Pacor, Inc. v. Higgins, 743 F.2d. 984 (3d Cir. 1984)................................................... 9
Pennsylvania Dep't of Public Welfare v. Davenport, 495 U.S. 552 (1990)............................ 10
Penn Business Credit, Inc. v. The Beach Club, L.L.C., 2004 WL 6247209
(App. Div. 2004).........................................................................................15-17
Resolution Trust Corp. v. Lanzaro, 140 N.J. 244 (1995)............................................... 18
Revson v. Cinque & Cinque, P.C., 221 F.3d 71(2d Cir. 2000). ....................................... 19
Stern v. Marshall, 564 U.S. 462 Sup. Ct. 2594 (2011) ................................................ 7
Stoe v. Flaherty, 436 F.3d 209 (3d Cir. 2006)...........................................................7
Sturges, 27 N.J.L. at 426..................................................................................15
Sturges v. Lackawanna & W.R.R.Co. 27 N.J.L. 424 (Sup. Ct. 1859).............................14
Travelers Indem. Co. v. Bailey, 557 U.S. 137(2009) ................................................ 11

U.S. Brass Corp. v. Travelers, Ins. Group (In re U.S. Brass Corp.), 301 F.3d 296
(5th Cir. 2002)……………………………………………………………………….......11


**Statutes**
N.J. Stat. Ann. §22A:4-8………………………………………….……2, 4-5, 7-8, 13-15, 17-18
U.S.C. §157(a)) ……………………………………………………………………………… 6
U.S.C. 101(5)(A)-(B)………………………………………………………………………… 10
U.S.C. §§ 1334 and 157………………………………………………………………………11
U.S.C. §1927……………………………………………………………………………..19

## PRELIMINARY STATEMENT

In the present motion, framed as a motion in "aid" of the Court's order entered on July 17, 2019 (the "Order"), Neptune Mortgage Holdings, LLC. ("Neptune Mortgage") asserts that the Court previously determined that Shaun Golden, Sheriff of Monmouth County (the "Sheriff") had no entitlement to payment for a commission and that same be given "preclusive effect". This Court, however, simply and correctly held that the Sheriff, who did not have a claim against the debtor, AC I Neptune (the "Debtor") and did not appear in the Chapter 11 proceedings, could not collect his commission **from the bankruptcy estate**. At no time during the proceedings before this Court was it determined that the Sheriff is precluded from collecting his fees from Neptune Mortgage pursuant to his performance of duties in relation to a writ of execution filed by Neptune Mortgage. Accordingly, clarification and amendment of the Order, as requested by Neptune Mortgage, is unwarranted.

Moreover, this Court lacked (and stills lacks) subject matter jurisdiction to determine whether the Sheriff is entitled to collect its statutory commission **from Neptune Mortgage**. The Sheriff's claim for a commission did not "arise under" the Bankruptcy Code but is statutorily mandated pursuant to N.J.S.A. 22A:4-8. Nor did the claim "arise in" or as a result of the bankruptcy proceeding. The Sheriff was not (and is not) a creditor of the bankruptcy estate nor did he have any claims against the bankruptcy estate as a result of the bankruptcy proceedings. The Sheriff's claim also did not "relate to" or impact the administration of the bankruptcy estate. The Chapter 11 petition concerned a single asset real estate debtor whose only, upon belief, the only secured creditor was Neptune Mortgage. There existed a significant surplus from the sale of the debtor's real property and all creditors' claims were satisfied.

In addition, the Sheriff was never provided sufficient notice to require his appearance in the bankruptcy proceedings. At the eleventh hour, Neptune Mortgage filed a "supplement" to its

1

May 2, 2019, motion (the "Initial Motion") which sought entry of an order: (I) allowing and directing the payment of the Sander Gerber claim; and (II) compelling Debtor to pay Neptune Mortgage Holdings LLC's fees and costs incurred in the Chapter 11 case. See, Bankruptcy Docket at Doc. 100. Although the purpose of the Supplement was to determine the Sheriff's entitlement to his statutory commission, the caption to the Supplement did not include such additional request for relief but merely repeated the caption set forth in the Initial Motion.[1] As a result, it was unknown from the face of the Supplement that the Sheriff's interests were in jeopardy.

Finally, it should not be overlooked that Neptune Mortgage utilized the services of the Sheriff to enforce its writ of execution. The fact that the Property was subsequently privately sold by the Debtor in the bankruptcy proceeding does not negate the Sheriff's statutory and common law rights to receive payment of his commission. Neptune Mortgage's present motion is a blatant attempt to forum shop and usurp the New Jersey Superior Court's jurisdiction which should not be countenanced by this or any other Court.

### **RELEVANT FACTS AND PROCEDURAL HISTORY**

On or about December 21, 2011, Neptune Mortgage entered into a mortgage agreement (the "Mortgage") with the Debtor with respect to the real property located at 3501 Route 66, Town of Neptune, County of Monmouth, State of New Jersey 07753 (the Property"). The Debtor defaulted on the Mortgage and a Final Judgment of Foreclosure was entered on or about March 9, 2018, in the amount of $3,501,131.31 in favor of Neptune Mortgage. A copy of the Final Judgment of Foreclosure is attached to the accompanying Certification of Lori D. Reynolds (the "Reynolds' Cert.") as **Exhibit A**.

---

[1] Respectfully, Neptune Mortgage should have filed an adversary proceeding seeking declaratory relief against the Sheriff, rather than burying such request in a supplement to a previously existing motion which did not concern the interests of the Sheriff. See, i.e.: Dobin v. Golden (In re Smith), 599 B.R. 266 (Bankr. D.N.J. 2019).

A Writ of Execution was issued directing the Sheriff to sell the subject Property to satisfy the Foreclosure Judgement in the amount of $3,501,131.31, plus interest, fees and expenses. Neptune Mortgage served the Sheriff with the Writ of Execution for the Property on April 23, 2018. A copy of the Writ of Execution is attached to the Reynolds' Cert. as **Exhibit B.** A Sheriff's sale was scheduled and adjourned on no less than four occasions at the request of either Debtor or Neptune Mortgage. On July 30, 2018, the Property was sold by the Sheriff to Neptune Mortgage.

On August 9, 2018, one day prior to the expiration of the 10-day redemption period, the Debtor filed its Chapter 11 Petition, automatically staying the sale and extending the Debtor's time to redeem. The Property was then privately sold by the Debtor, with this Court's approval, for $5,750,000.00. Pursuant to this Court's November 30, 2018 Order, Neptune Mortgage was to be paid its allowed secured claim including principal, interest, attorney's fees and costs and reimbursement for real estate taxes, insurance and other municipal charges incurred prior to and after the petition date. See, Bankruptcy Docket No. 58. Upon information and belief, Neptune Mortgage received approximately $3.8 Million Dollars from the proceeds of the sale of the Property.

According to N.J.S.A. 22A:4-8, the Sheriff was entitled to receive one half of his commission from Neptune Mortgage calculated from the Judgment of Foreclosure as a result of the Debtor's sale of the Property. Neptune Mortgage may have been entitled to reimbursement of the commission by including the commission in its secured claim. Neptune Mortgage, however, did not include the Sheriff's commission as part of its secured claim and disputed the Sheriff's entitlement to same. See, May 6, 2019, email attached to the Reynolds' Cert. as **Exhibit C**.

Regardless of such dispute, Neptune Mortgage elected to file a supplement to its May 2, 2019 motion in order "to advise the bankruptcy court of the position of the Monmouth County

Sheriff concerning its alleged entitlement to a commission". <u>See</u> May 8, 2019 email from Bruce Buechler of Lowenstein Sandler, attached to the Reynolds' Cert. as **Exhibit E.** In that motion, Neptune Mortgage originally sought, in pertinent part, reimbursement for certain fees and costs from the Debtor. The Supplement filed by Neptune Mortgage, however, did not include a request for the Sheriff's commission as expected, but contested the Sheriff's entitlement to the commission. The filing did not even coherently express the Sheriff's position as to the commission.

A hearing was conducted on June 26, 2019, which, among other things, included Neptune Mortgage's supplemental request to deny the Sheriff's entitlement to a commission. At the hearing, the "supplement" was recognized by the Court as a "weird pleading". <u>See</u> Transcript 32:6-7, attached to Neptune Mortgage's motion herein as Exhibit D. Even Mr. Buechler acknowledged that his filing was "a little odd" (<u>Id</u>. at 34:1; 34:6-7) and that "we were unsure how to style it". <u>Id</u>. at 37:19. With respect to the Sheriff's request for fees, Mr. Buechler merely stated that he "felt the Court should be at least be aware of the assertion." <u>Id</u>. at 37:20-21. At no point during the proceedings, however, was it made clear to the Court that the Sheriff was requesting its commission from Neptune and **not** the bankruptcy estate.

On July 10, 2019, Mr. Buechler emailed a copy of a proposed form of order to Monmouth County Counsel, Michael D. Fitzgerald. A copy of the July 10, 2019 email is attached to the Reynolds Cert. as **Exhibit F.** Realizing that the proposed Order sought relief as against the Sheriff, Mr. Fitzgerald submitted an email to the Court, dated July 10, 2019, requesting that the June 26, 2019 hearing be reopened and the motions be adjourned to afford the Sheriff the opportunity to appear and be heard. A copy the July 10, 2019 email from Mr. Fitzgerald is attached to the Reynolds' Cert. as **Exhibit G**. By order entered on July 17, 2019, the Court denied County Counsel's request and dismissed the Chapter 11 petition. In addition, the July 17, 2019, Order

4

erroneously identified the Sheriff as a creditor and denied disbursement of his commission from the bankruptcy estate. See, Schedule A of the July 17, 2019 Order attached to the Reynolds Cert. as **Exhibit H**.

On or about October 10, 2019, the Sheriff filed a complaint against Neptune Mortgage in the Superior Court of the State of New Jersey, Monmouth County, under Docket. No. MON-L-3647-19) seeking a judgment awarding its commissions pursuant to New Jersey statute (N.J.S.A. 22A:4-8) and common law. A copy of the Complaint is attached to the Reynolds' Cert. as **Exhibit H**. Neptune Mortgage requested an extension of time to Answer the Complaint on the premise that it first wanted to obtain clarification regarding this Court's Order which was graciously granted by this office. Neptune Mortgage, however, does not merely seek clarification, as represented. Neptune Mortgage seeks to amend the Order to forever bar the Sheriff from collecting his commission and seeks its attorneys' fees, material facts purposely withheld by Neptune Mortgage when requesting an extension of time to answer.

### LEGAL ARGUMENT

### POINT I

**NEPTUNE MORTGAGE ERRONEOUSLY REPRESENTS THE CONTENTS OF THE COURT'S JULY 17, 2019 ORDER TO SUGGEST THAT THE SHERIFF IS ABSOLUTELY BARRED FROM COLLECTING ITS STATUTORY COMMISSION**

Neptune's motion is entirely premised upon the erroneous assertion that this Court rendered a determination denying the Sheriff's entitlement to its statutory commission. Nothing could be further from the truth. A review of the Court's Order demonstrates that the Court never granted any such relief. The Order merely sets forth that the Sheriff cannot collect a commission **from the bankruptcy estate**.[2] Nowhere in the Order does the Court suggest that the Sheriff is not

---

[2] To ensure the record is clear, the Sheriff never asserted a claim for its commission against the Debtor.

entitled to a commission or that he may not pursue a commission from Neptune Mortgage outside of the bankruptcy proceeding. Moreover, in none of the references to the transcript cited by Neptune Mortgage is it made clear that Neptune Mortgage was seeking an order disallowing any claim made by the Sheriff against Neptune Mortgage. This Court should not, therefore, entertain Neptune Mortgage's request to revisit history and rewrite the Order so as to bar the Sheriff from pursuing his statutory commission in a separate State court proceeding.

## POINT II

### THE BANKRUPTCY COURT LACKED SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §1334 OR 11 U.S.C. §157 TO ADJUDICATE THE ISSUE CONCERNING THE SHERIFF'S REQUEST FOR ITS STATUTORY COMMISION

This Court further lacks jurisdiction to address whether the Sheriff is entitled to his commission. Congress has identified the following three (3) categories of proceedings over which the Bankruptcy Court can claim subject matter jurisdiction: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." Stern v. Marshall, 564 U.S. 462, 473, 131 S. Ct. 2594, 2603, 475 (2011) *citing* 11 U.S.C. § 157(a)). The Sheriff's request for payment of its statutory commission from Neptune does not satisfy any of the aforementioned categories.

### A. **The Sheriff's claim against Neptune Mortgage did not "arise under" the Bankruptcy Code.**

Proceedings are deemed to "arise under Title 11" when the Bankruptcy Code itself creates the cause of action. Gupta v. Quincy Med. Ctr., 858 F.3d. 657, 662 (1st Cir. 2017) *citing* Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006) (holding that "arising under" jurisdiction is limited to proceedings where "the Bankruptcy Code creates the cause of action or provides the substantive right invoked").

Here, the Sheriff's causes of action asserted against Neptune Mortgage are based on the statutory and common laws of the State of New Jersey. For instance, <u>N.J.S.A.</u> 22A:4-8 sets forth, in pertinent part, that the fees allowed to a sheriff on a sale by execution are as follows:

> When a sale is made by virtue of an execution the sheriff shall be entitled to charge the following fees: On all sums not exceeding $5,000.00, 6%; on all sums exceeding $5,000.00 on such excess, 4%; the minimum fee to be charged for a sale by        virtue        of        an        execution,        $50.00.
>
> ****
>
> When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive 1/2 of the amount of percentage allowed herein in case of sale.

The Sheriff's claims for unjust enrichment, quantum meruit, and breach of contract are founded in New Jersey's common law. See **Exhibit I**. It cannot be reasonably asserted, therefore, that the Sheriff's claims "arise under" the Bankruptcy Code.

## B. The Sheriff's claim against Neptune Mortgage did not "arise in" the Chapter 11 case commenced by the Debtor.

"Arising in" proceedings generally are "those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy". <u>Gupta</u>, 858 <u>F.3d.</u> at 662-63 *quoting* <u>In re Middlesex Power Equip. & Marine, Inc.</u>, 292 F.3d at 68. "Arising in" proceedings include such things as administrative matters, orders to turn over property of the estate, and determinations of the validity, extent, or priority of liens. <u>Id.</u> *citing* <u>Collier on Bankruptcy</u> P. 3.0(3)(e)(iv), Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016. The fundamental question, therefore, is whether the proceeding by its nature, not its particular factual circumstance, could arise only in the context of a bankruptcy case. <u>Id.</u> at 665. For instance, claims or proceedings which do not come under the umbrella of "arising in" jurisdiction are those where

there is "a cause of action created by statute" which could not "have been the subject of a lawsuit absent the filing of a bankruptcy case". Id. *citing* Collier on Bankruptcy.

As previously set forth above, the causes of action brought by the Sheriff against Neptune Mortgage in the State Court proceeding are founded in New Jersey State statute, namely N.J.S.A. 22A:4-8, and New Jersey common law. See Reynolds' Cert. at **Exhibit I**. The claims asserted by the Sheriff in the New Jersey Superior Court, therefore, are not based on any right expressly created by Title 11, have nothing to do with the Debtor and have an "existence" outside of the bankruptcy proceedings. Consequently, the Sheriff's claims against Neptune Mortgage did not (and do not) "arise in" the course of the bankruptcy proceeding.

### C. The Sheriff's claim against Neptune Mortgage is not "related to" the administration of the bankruptcy estate.

The test for determining whether a civil proceeding is related to a bankruptcy matter is whether the outcome of the civil proceeding could conceivably have any effect on the estate being administered in bankruptcy. See, Pacor, Inc. v. Higgins, 743 F.2d. 984, 994 (3d Cir. 1984). A bankruptcy court's "related to" jurisdiction, however, "cannot be limitless." In re Resorts Int'l, Inc., 372 F.3d 154, 164 (3d Cir. 2004) *citing* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). For subject matter jurisdiction to exist, there must be some nexus between the "related" civil proceeding and the Title 11 case. Pacor, 743 F.2d. at 994. "An action is deemed related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re Resorts Int'l, Inc., 372 F.3d. at 164 *quoting* Pacor, 743 F.2d. at 994. Thus, the key component in a "related to" analysis is whether the outcome of a proceeding or claim could conceivably impact the distribution of the bankruptcy estate. In re Resorts Int'l, Inc., supra, 372 F.3d at 164 *quoting* Pacor, 743 F.2d. at 994.

8

Here, Neptune Mortgage neglected to include reimbursement of the Sheriff's commission in its proof of claim. Neptune Mortgage also failed to seek reimbursement of the Sheriff's commission in its subsequent request for disbursement of funds from the proceeds of the approved sale of the subject property. Neptune Mortgage also neglected to include a request for reimbursement of the Sheriff's commission in the May 2, 2019, seeking, in part, payment of its fees and costs. Further, Neptune Mortgage was not forthcoming with the Sheriff about taking the position, **before this Court**, that the Sheriff was not entitled to its statutory commission. To the contrary, counsel for Neptune Mortgage advised the Monmouth County attorney, Michael D. Fitzgerald, that he would file a supplement to [Neptune's] Motion "…to advise the Bankruptcy Court of the position of the Monmouth County Sheriff concerning its alleged entitlement to a commission". See, May 8, 2019 email attached to the Reynolds Cert as **Exhibit D**.

Based on the foregoing, it is evident that Neptune Mortgage did not assert and had no intention of asserting a claim against the bankruptcy estate for reimbursement of the Sheriff's commissions. It cannot, therefore, reasonably argue that such commission impacts the bankruptcy estate, especially after the petition was dismissed.[3]

Also, it is important to note that the Bankruptcy Code defines a claim as a: (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. 11 U.S.C.

---

[3] Neptune Mortgage makes one request of this Court that the Sheriff's fees and commission, if any, should be paid from the sale proceeds being held by Debtor's counsel. Such request is buried in the last two lines of the final paragraph of Neptune Mortgage's Supplemental Brief. See, ¶ 23 of Neptune's Supplemental Brief.

101(5)(A)-(B). A "right to payment" means "nothing more nor less than an enforceable obligation." Pennsylvania Dep't of Public Welfare v. Davenport, 495 U.S. 552, 558 (1990).

Moreover, it is well settled by the Bankruptcy and state courts of New Jersey that the Sheriff may only look to the foreclosing mortgagee for payment of its statutory fees and commission. See i.e.; In re Loehwing, 320 B.R. 281 (Bankr. D.N.J. 2005); BTD-1996 NPC 1, LLC v. 350 Warren, LP, 170 N.J. 90, 94 (2001); and Jacoby v. Eseo, 329 N.J. Super. 119 (App. Div. 2000). This practice is consistent with the principal that the party employing the sheriff bears responsibility for the sheriff's payment. In re Loehwing, 320 B.R. at 287. Consequently, the Sheriff had neither a right to payment from the Debtor and no defined claim against the bankruptcy estate. Neptune Mortgage's last minute attempt to bootstrap the issue of the Sheriff's commission into the bankruptcy proceeding is insufficient to satisfy the "related to" analysis and establish the Court's subject matter jurisdiction over this issue.

**D. The Order of Dismissal dated July 17, 2019 is not enforceable as it relates to the issue of the Sheriff's commission.**

Bankruptcy courts—like all federal courts—may retain jurisdiction to interpret and enforce their prior orders. Gupta, 858 F.3d. at 663-64, *citing* Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009) (noting that bankruptcy courts "plainly ha[ve] jurisdiction to interpret and enforce ... prior orders"). However, a bankruptcy court may not "retain" jurisdiction it never had; i.e., over matters that do not fall within § 1334's statutory grant. Id. *citing* Celotex, 514 U.S. at 307. A retention of jurisdiction provision may not alter the fact that "the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." U.S. Brass Corp. v. Travelers, Ins. Group (In re U.S. Brass Corp.), 301 F.3d 296, 303 (5th Cir. 2002).

As more fully set forth herein above, whether the Sheriff is entitled to his commission does not meet any of the three tests to confer subject matter jurisdiction of the issue on this Court. Consequently, the Court should vacate that portion of the July 17, 2019 Order to the extent it can be interpreted to deny the Sheriff his commission.

## POINT III

### THE SHERIFF DID NOT RECEIVE PROPER NOTICE

The Supreme Court has repeatedly established that in order to satisfy due process, notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Collier, 307 B.R. 20, 25–26 (Bankr. D. Mass. 2004) *citing* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Proceedings within the ambit of the Bankruptcy Code are no less susceptible to the requirements of due process than in any other realm. Id. at 25.[4] The Court must look at the totality of the circumstances in determining whether notice was reasonable. In re O'Shaughnessy, 252 B.R. 722, 730 (Bankr. N.D. Ill. 2000) *citing* Illinois ex rel. Hartigan v. Peters, 871 F.2d 1336, 1340 (7th Cir.1989).

On May 3, 2019, the Sheriff's office and Neptune Mortgage's counsel, John Stoltz, Esq., exchanged correspondence concerning the status of the Property and the Sheriff's commission. Mr. Stolz informed the Sheriff's Office that he did not agree a commission was due. See Reynolds' Cert. at **Exhibit C**. In a May 8, 2019, email, Michael D. Fitzgerald responded to Mr. Stoltz and provided relevant case law supporting the Sheriff's entitlement to his commission. See, Reynolds'

---

[4] During the June 26, 2019, hearing it was suggested that the Sheriff should have filed a proof of claim. One fundamental due process right is a creditor's right to notice of the bar date for filing a proof of claim. Id. *citing* In re Mariner Post–Acute Network, 303 B.R. 42, 46 (Bankr.D.Del.2003). Only after a showing of reasonable notice may a creditor's claim be barred. In re Collier, supra, 307 B.R. at 26 *citing* City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 297, (1953). Here, the Sheriff was not a creditor. But, even if filing a proof of claim was required, it did not receive the required notice of the bar date for filing a proof of claim.

Cert. at **Exhibit D**. Mr. Buechler, then emailed to Mr. Fitzgerald a copy of Neptune Mortgage's May 2, 2019 motion which, in relevant part sought an order compelling the Debtor to Pay Neptune Mortgage Holdings, LLC's Fees and Costs incurred in the Chapter 11 Case. See **Exhibit E**. Mr. Buechler further informed Mr. Fitzgerald that he would file a supplement to the May 2, 2019, motion "…to advise the Bankruptcy Court of the position of the Monmouth County Sheriff concerning its alleged entitle to a commission." Id. Mr. Buechler's representation suggests that he would fairly represent, if not advocate for, the Sheriff's request for the commission. Nowhere in the email does Mr. Buechler inform County Counsel that his client would seek an order contesting the Sheriff's entitlement to a commission.

In addition, and as previously set forth herein, the heading to the supplement did not reflect the additional relief requested by Neptune Mortgage concerning the Sheriff's commission. The heading merely repeated the relief sought in the original May 2, 2019 motion. See, Supplemental Motion, Docket Number 100. Further, the supplement lacked a proposed form of order or any other information that would suggest that the Sheriff was subject to the jurisdiction of the Court and/or that its commission was at issue before the Court. Neptune Mortgage also failed to serve or file a cover letter setting forth that the Sheriff's commission was being contested and/or the authority for the additional relief requested. The supplement also failed to include an "Objection" date by which the Sheriff must file a reply. Thus, the Sheriff (and County Counsel) was unaware that Neptune Mortgage's supplemental filing contested the Sheriff's demand for a commission Mortgage payable by Neptune Mortgage.

Neptune Mortgage's actions were designed to lull the Sheriff and County Counsel into a false sense of security that the issue of the Sheriff's commission would be addressed fairly by Neptune Mortgage **as part of its** request for costs and fees from the Debtor. The method by which

the submission was brought before this Court purposefully buried Neptune's true objective and minimized the likelihood that the Sheriff would respond. Such actions do not constitute proper notice.[5]

## POINT IV

### THE SHERIFF IS ENTITLED TO ITS STATUTORY COMMISSION

Neptune Mortgage should have commenced an adversary proceeding under the Federal Rules of Bankruptcy Procedure 7001(9), seeking declaratory relief on the issue of the Sheriff's commissions. Had Neptune Mortgage commenced such proceeding, the Sheriff would have had full and fair notice, been given a meaningful opportunity to be heard. It is respectfully requested, therefore, that in the event the Court is willing to entertain Neptune Mortgage's request to amend the Order, the Court consider the Sheriff's position, as set forth below, allowing for a full adjudication and disposition on the merits.

N.J.S.A. 22A:4-8 provides, in pertinent part, that the fees allowed to a sheriff on a sale by execution are as follows:

> When a sale is made by virtue of an execution the sheriff shall be entitled to charge the following fees: On all sums not exceeding $5,000.00, 6%; on all sums exceeding $5,000.00 on such excess, 4%; the minimum fee to be charged for a sale by virtue of an execution, $50.00.

****

> When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive 1/2 of the amount of percentage allowed herein in case of sale.

---

[5] Bruce Buechler was well aware of the pitfall in not seeking reimbursement of the Sheriff's commission as part of the secured claim. See, July 3, 2019 article authored by Mr. Buechler attached to the Reynolds Cert. as **Exhibit J**.

Even where sale of the property by the sheriff is rendered unnecessary, the sheriff remains entitled to its fees and commissions. As the Supreme Court in <u>Sturges v. Lackawanna & W.R.R.Co.</u> 27 N.J.L. 424 (Sup. Ct. 1859) explained:

> This allowance [for fees and commissions to the sheriff] is made for the trouble, care, and risk of the officer in discovering and levying upon the property of the defendant, and its safe keeping for the purpose of a sale and the securing the payment of the amount due.
>
> Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation.

<u>Id.</u>, 27 N.J.L. at 425.

The term "settled", as referenced in <u>N.J.S.A.</u> 22A:4-8, "includes a variety of circumstances whereby the sheriff's sale is obviated." <u>Loehwing v. Washington Mutual Bank, F.A., and William L. Polhemus</u>, 320 <u>B.R.</u> 281, 286 (Bankr. D.N.J. 2005) *quoted by* <u>In re Dominguez</u>, 2006 WL 4452976 (Bankr. D.N.J. 2006). For instance, satisfaction of a mortgage foreclosure judgment from the proceeds of a sale by the owner, before the sheriff has completed his duties, is in the nature of a "settlement". Such an event will trigger the sheriff's right to payment to one half commission pursuant to <u>N.J.S.A.</u> 22A:4-8. <u>Id.</u> at 286. <u>See also, Penn Business Credit, Inc. v. The Beach Club, L.L.C.</u>, 2004 WL 6247209 at *2 (App. Div. 2004) ("The right of the sheriff under New Jersey law to charge commissions was not extinguished when the Trustee exercised her right to step into debtor's shoes and sell the [property]).

"Whether a judgment is dismissed or satisfied of record the issuance of the execution causes the sheriff's commission to vest. Any attempt to avoid payment to the sheriff, despite a successful outcome wherein the mortgage indebtedness is paid, constitutes a refutation of the expressed intent of <u>N.J.S.A.</u> 22A:4-8". <u>Id.</u> Thus, it is of no consequence how the matter is disposed of between a plaintiff and defendant. "If anything is done between them, by which a sale

is rendered unnecessary [by the sheriff], that must be considered a settlement within the meaning of the act…and [the sheriff] becomes entitled to the allowance provided by the statute." *Sturges*, 27 N.J.L. at 426.

In the recent case of <u>In re Smith</u>, 599 B.R. 266 (Bank. D.N.J. 2019), the Court reconciled any inconsistencies in New Jersey's multi-bankruptcy judge district with respect to the sheriff's entitlement to its commission. In <u>Smith</u>, the Chapter 7 Trustee sold the debtor's real property after the Sheriff was served with the Writ of Execution and scheduled the property for sale on several occasions. The Bankruptcy Court awarded the sheriff its one half statutory commission, reasoning that "the broad application of the term 'settlement,' as employed in <u>Sturges</u>, supra, encompasses the satisfaction of a foreclosure judgment through a bankruptcy sale prior to the completion of the sheriff's sale." <u>Id</u>. at 272. The Court in <u>Smith</u> further held that the sheriff's commission "…must be calculated on the amount received by the creditor in cancellation of the debt, which in this case is the amounts fixed in the foreclosure judgment." <u>Id.</u> at 274.

Neptune, however, erroneously asserts that the <u>Smith</u> decision was decided "wrong" because of its "improper" reliance on <u>Sturges.</u> <u>See</u>, Neptune Brief at ¶ 17. <u>Sturges</u>, however, is still binding law and its broad definition of a "settlement" remains widely accepted by the Courts in New Jersey. <u>See i.e.</u>, <u>Penn Business Credit v. Beach Club LLC</u>, 2004 WL 6247209 (App. Div. 2004); <u>BTD-1996 NPC LLC v. 350 Warren LP</u>, 170 <u>N.J.</u> 90 (App. Div. 2001); and <u>Jacoby v. Eseo</u>, 329 <u>N.J. Super</u>. 119 (App. Div. 2000).

Neptune further argues that <u>Loehwing</u> is inapplicable because the "*Loehwing* court's decision **may** have been driven by the fact that all creditors were paid in full based on the sale of the real estate, so that surplus monies were available to the debtor" and the sheriff's commission at issue was "only $14,422.44". <u>See</u> Neptune Brief at ¶ 21 (emphasis added). The <u>Loehwing</u>

court, however, made clear that it was persuaded by the holding in <u>Sturges</u> and its progeny and did not make its decision based on any of the issues raised by Neptune. <u>See, Loehwing</u>, 320 <u>B.R.</u> at 286.

The Court in <u>Loehwing</u> further recognized that 28 <u>U.S.C.</u> § 959(b) requires a bankruptcy trustee to abide by the laws of the state in which debtor's property is located and held that the right of the sheriff under New Jersey law to charge commissions is not extinguished when the trustee exercised her right to step into debtor's shoes and sell the foreclosed property. <u>Id.</u> at 286 *citing* <u>Midlantic National Bank v. New Jersey Department of Environmental Protection</u>, 474 <u>U.S.</u> 494 (1986))

Indeed, New Jersey State case law supports the decision in <u>Loehwing</u> regarding the Sheriff's right to receive its commission under the Statute. For instance, in <u>Penn Business Credit, Inc. v. the Beach Club, L.L.C.</u>, 2004 WL 6247209 (App. Div. 2004) the Appellate Division affirmed the trial court's award of the sheriff's commission where, prior to sheriff's sale, defendants sold the property and satisfied their mortgages. The Appellate Division found that the legislative intent is clear:

> [O]nce an execution issues, the sheriff is entitled to at least one-half of his fees and commissions. If the execution is "settled," it is the amount of the settlement upon which the sheriff's commissions and fees are paid. Whether a judgment is dismissed or satisfied of record, the issuance of the execution causes the sheriff's commissions to vest. Any attempt to avoid payment to the sheriff, despite a successful outcome wherein the mortgage indebtedness is paid, constitutes a refutation of the expressed intent of N.J.S.A. 22A:4-8.

<u>Id.</u> at *2. Thus, the Sheriff is entitled to its commission in this instance.

Neptune's reliance on <u>In re Bejjani</u>, 2003 Bankr. LEXIS 2150 (Bankr. D.N.J. September 2, 2003) is further misplaced. The Court in Bejjani held that the Trustee's sale of the property was not a "settlement" entitling the sheriff to one-half commission, but that the sheriff was only entitled

to reimbursement of his actual out of pocket expenses incurred post-Petition and prior to the sheriff's receipt of the bankruptcy filing before completing the sale. Bejjani, 2003 Bankr. LEXIS 2150 at *13-14. However, the debtor in Bejjani failed to notify the sheriff of its filing for bankruptcy until eight (8) days later. The Court concluded, therefore, that the sheriff may not unreasonably garner a windfall at the expense of the estate, particularly given the fact that the sheriff only possessed the writ for eight (8) days and did not sell the property. Id. at *12-13. Here, the Sheriff conducted a sale of the property prior to the debtor's bankruptcy filing. Thus, Bejjani, is wholly distinguishable from the present matter. Moreover, as recognized by Judge Kaplan in Smith, and Judge Lyons in Loehwing, the analysis in Bejjani, an unreported decision, is entirely unpersuasive. See, Loehwing, 320 B.R. at 285-286; and Smith, 599 B.R. at 272-273.

Finally, Neptune's assertion that the statute "**requires** the fee be paid from proceeds of the sale of the Real Property" is not founded in the statue or case law. Neptune Brief at ¶ 24 (emphasis added). N.J.S.A. 22A:4-8 is absolutely silent on this issue. As previously set forth herein, it is well settled that the Sheriff must look to the foreclosing mortgagee for payment of the statutory commission. See, Loehwing, 320 B.R. at 287; BTD-1996 NPC 1 L.L.C. v. 350 Warren L.P., 170 N.J. 90, 94 (2001); Jacoby v. Eseo, 329 N.J. Super. 119 (App. Div. 2000); and Resolution Trust Corp. v. Lanzaro, 140 N.J. 244 (1995). Accordingly, the Sheriff was under no obligation to pursue its commission in this bankruptcy court proceeding since it had no lien against the property and/or a claim against the debtor's bankruptcy estate.

Based upon the laws of the State of New Jersey, and the well-reasoned opinions set forth in Smith and Loehwing, the Sheriff respectfully urges the Court to award the Sheriff his commission or otherwise allow the Superior Court of the State of New Jersey to decide such issue in the Sheriff's state court proceeding.

## POINT V

### NEPTUNE MORTGAGE IS NOT ENTITLED TO REASONABLE ATTORNEYS' FEES UNDER 28 U.S.C. § 1927

Courts traditionally apply the American Rule which recognizes that each party typically bears the cost of the party's attorneys' fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) (noting that rule in United States is that prevailing party ordinarily does not recover attorneys' fees from losing party); F.D. Rich. Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 128-31 (1974) (affirming American Rule that each party pay own attorneys' fees); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 71. (recognizing long standing general rule that party may not recover attorneys' fees).

A finding that the multiplication of the proceedings was *both* unreasonable and vexatious is required to impose §1927 sanctions. FDIC v. Conner, 20 F.3d 1376, 1384-85 (5th Cir. 1994) (vacating District Court's Section 1927 sanction where no finding that attorney's actions were vexatious). Such a finding requires "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000). Sanctions may be appropriate where the "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." Id.

Here, the New Jersey Superior Court was initiated against Neptune Mortgage after a careful and reasonable reading of the Court's Order which does not deny the Sheriff's right to its commission payable from Neptune Mortgage. More importantly, as demonstrated hereinabove, the Sheriff has a meritorious claim for its commission which, contrary to Neptune Mortgage's assertion, was not adjudicated before this Court. Consequently, Neptune Mortgage fails to

establish that the Superior Court action was filed in bad faith or for improper purposes and, as such, it is not entitled to attorney's fees.

Moreover, to the extent that Neptune Mortgage seeks fees on the basis that the filing of the present motion is due to the actions of the Sheriff, its argument is self-defeating. The very fact that Neptune is seeking "clarification" of this Court's Order demonstrates that the Order is not clear with respect to whether the Sheriff is entitled to his commission and, at the very least, that the Sheriff's claim is colorable. Furthermore, Neptune Mortgage could have filed a motion to dismiss and sought fees with the Superior Court of New Jersey on the same grounds but has forum shopped in order to avoid an unfavorable ruling in the New Jersey State court. For the reasons set forth above, Neptune Mortgage's request for attorneys' fees should be denied.

## CONCLUSION

For the reasons set forth herein, Shaun Golden, Sheriff of Monmouth County, respectfully urges this Honorable Court to deny the motion filed by Neptune Mortgage in its entirety.

Respectfully submitted,
**O'DONNELL McCORD, P.C.**


s/ Lori D. Reynolds
Lori D. Reynolds, Esq.
Attorneys for Shaun Golden,
Monmouth County Sheriff


Dated: December 16, 2019